IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK T. MERHAUT

    Plaintiff,

v.

FRANKLIN CREDIT MANAGEMENT CORPORATION,

    Defendant.

Case No. 1:19-cv-05154

## COMPLAINT

NOW COMES, FRANK T. MERHAUT, through counsel, SULAIMAN LAW GROUP, LTD., complaining of FRANKLIN CREDIT MANAGEMENT CORPORATION, as follows:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. FRANK T. MERHAUT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Elgin, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FRANKLIN CREDIT MANAGEMENT CORPORATION ("Defendant") is a foreign corporation with its principal place of business located in Jersey City, New Jersey.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. On September 6, 1997, Plaintiff executed a mortgage (the "Mortgage") in favor of Bank One, Illinois, N.A.

12. The Mortgage secured the purchase of Plaintiff's personal residence located at 2201 South Street, Elgin, Illinois 60123 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $19.450.00 (the "Loan").

---

[1] Franklin Credit Management Corporation ("Franklin Credit") is a specialty consumer finance company engaged in the servicing and resolution of nonperforming residential mortgage loans.

Located in Jersey City, NJ our default servicing platform is built to comprehensively manage loans through all stages of delinquency: Collections, Loss mitigation, Foreclosure, Judgment, Bankruptcy and REO. Since inception, we have serviced over 100,000 loans in excess of $5 billion in principal balance. The firm's mission is to deliver maximum value to its clients while fostering a professional relationship with borrowers based on courtesy and integrity.

We are not your traditional servicer.

Over the past three decades Franklin Credit has evolved into a premier niche servicer focusing on the market's most distressed asset classes. Specializing in 2nd lien and judgment portfolios, we excel at pursuing loans others have either overlooked or are incapable of collecting.

http://www.franklincredit.com/about/ (last accessed July 30, 2019)

14. Subsequently, Plaintiff defaulted by failing to make monthly payments pursuant to the Loan.

15. On November 15, 2001, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

16. On February 22, 2002, the Bankruptcy Court issued an Order granting Plaintiff a discharge (the "Discharge Order"). On February 26, 2002, Plaintiff's bankruptcy case was closed.

17. Section 727(b) of the Bankruptcy Code, 11 U.S.C. § 727(b), defines the scope of a Chapter 7 debtor's discharge.

18. Under that section, the discharge "discharges the debtor from all debts that arose before the date of the order for relief."

19. Subsequently, Defendant acquired mortgage servicing rights to Plaintiff's Loan.

20. On July 5, 2019, Defendant provided Plaintiff a Mortgage Statement.

21. Defendant's July 5, 2019 Mortgage Statement provided:

| | |
|---|---|
| **Payment Due Date:** | **07/30/2019** |
| **Amount Due:** | **$16,229.89** |

22. Moreover, Defendant's July 5, 2019 Mortgage Statement provided:

NEGATIVE NOTICE – Franklin Credit Management Corporation may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report.

23. Defendant's July 5, 2019 Mortgage Statement included a payment coupon with payment instructions.

24. Defendant's July 5, 2019 Mortgage Statement is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Defendant's July 5, 2019 Mortgage Statement conveyed information regarding Plaintiff's Loan directly to Plaintiff.

26. Defendant's post-discharge collection practice(s) have caused emotional distress as Plaintiff believed he remained liable to Defendant in spite of Plaintiff's bankruptcy discharge.

## CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. §§ 1692e(2), e(8), e(10)

28. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>   (A) the character, amount, or legal status of any debt.
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362)

4

or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

30. Defendant's July 5, 2019 Mortgage Statement is objectively false and misleading in that it misrepresented the legal status of Plaintiff's Loan by, *inter alia*, falsely representing that money is due, although because of the discharge injunction, it is not; violating 15 U.S.C. §§ 1692e(2)(A), and e(10).

31. By threatening credit reporting of Plaintiff's **discharged** Loan, Defendant threatened to communicate credit information known to be false; violating 15 U.S.C. § 1692e(8).

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(8) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2) 

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(8) and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 30, 2019                                    Respectfully submitted,

**FRANK T. MERHAUT**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com