# IN THE UNTIED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FRANK T. MERHAUT

      Plaintiff,

v.

FRANKLIN CREDIT MANAGEMENT
CORPORATION

      Defendant

Case No.: 1:19-cv-05154

## ANSWER & AFFIRMATIVE DEFENSES

Defendant, Franklin Credit Management, by and through its undersigned counsel, hereby states its Answer and Affirmative Defenses to the Complaint of Plaintiff, Frank T. Merhaut, as follows:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA").

**ANSWER:** Defendant DENIES the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendant DENIES the allegations in Paragraph 2. Specifically, Defendant DENIES that Plaintiff has suffered a particularized, concrete injury that is sufficient to confer upon him standing to sue.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:** Defendant ADMITS that venue is proper, but DENIES the acts and transactions occurred as alleged by Plaintiff.

## PARTIES

4.　　FRANK T. MERHAUT ("Plaintiff') is a natural person, over 18-years-of-age, who at all times relevant resided in Elgin, Illinois.

**ANSWER:** Defendant ADMITS that Plaintiff is a natural person over the age of 18. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4.

5.　　Plaintiff is a "consumer" as defined by15 U.S.C. § 1692a(3).

**ANSWER:**　　Defendant DENIES the allegations in Paragraph 1.

6.　　FRANKLIN CREDIT MANAGEMENT CORPORATION, ("Defendant") is a foreign corporation with its principal place of business located in Jersey City, New Jersey.

**ANSWER:**　　Defendant ADMITS the allegations in Paragraph 6.

7.　　Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**　　Defendant DENIES that it was acting as a debt collector with respect to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to whether it may in other circumstances be considered a "debt collector" as that term is defined in the FDCPA.

8.　　Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

**ANSWER:**　　Defendant ADMITS that it uses instrumentalities of interstate commerce including the mail in the ordinary course of its business. Defendant DENIES that it was acting as a debt collector with respect to Plaintiff. Defendant lacks knowledge or information sufficient to form a

belief as to whether it may in other circumstances be considered a "debt collector" as that term is defined in the FDCPA.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

**ANSWER:**      Defendant DENIES that the principal purpose of its business is the collection of debt. Defendant further DENIES that it was acting as a debt collector with respect to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to whether it may in other circumstances be considered a "debt collector" as that term is defined in the FDCPA.

10.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

**ANSWER:**      Defendant DENIES that it was acting as a debt collector with respect to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10.

## FACTUAL ALLEGATIONS

11.       On September 6, 1997, Plaintiff executed a mortgage (the "Mortgage") in favor of Bank One, Illinois, N.A.

**ANSWER:**      Defendant ADMITS the allegations in Paragraph 11 on information and belief.

12.      The Mortgage secured the purchase of Plaintiffs personal residence located at 2201 South Street, Elgin, Illinois 60123 (the "Property").

**ANSWER:**      Defendant ADMITS the allegations in Paragraph 12 on information and belief.

13.      The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $19,450.00 (the "Loan").

**ANSWER:**      Defendant ADMITS the allegations in Paragraph 12 on information and belief.

14. Subsequently, Plaintiff defaulted by failing to make monthly payments pursuant to the Loan.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 14 on information and belief.

15. On November 15, 2001, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 15 on information and belief.

16. On February 22, 2002, the Bankruptcy Court issued an Order granting Plaintiff a discharge (the "Discharge' Order"). On February 26, 2002, Plaintiffs bankruptcy case was closed.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 16 on information and belief.

17. Section 727(b) of the Bankruptcy Code, 11 U.S.C. § 727(b), defines the scope of a Chapter 7 debtor's discharge.

**ANSWER:** Defendant ADMITS only the strict linguage of 11 U.S.C. § 727(b) and DENIES the remaining allegations in Paragraph 17.

18. Under that section, the discharge "discharges the debtor from all debts that arose before the date of the order for relief."

**ANSWER:** Defendant ADMITS only the strict linguage of 11 U.S.C. § 727(b) and DENIES the remaining allegations in Paragraph 18.

19. Subsequently, Defendant acquired mortgage servicing rights to Plaintiffs Loan.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 19.

20. On July 5, 2019, Defendant provided Plaintiff a Mortgage Statement.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 20. A true and accurate copy of the Mortgage Statement is attached hereto as **Exhibit A**.

21. Defendant's July 5, 2019 Mortgage Statement provided:

| | |
|---|---|
| **Payment Due Date:** | **Amount Due:** |
| **07/30/2019** | **$ 16,229.89** |

**ANSWER:** Defendant ADMITS the allegations in Paragraph 21. Responding further, Defendant states that the July 5, 2019 Mortgage Statement was provided in accordance with 12 CFR 1026.41 and stated in no less than three (3) places that the Statement was being sent for "informational and compliance purposes only" and was "not [an] attempt to collect a debt." *See* **Exhibit A** hereto.

22. Moreover, Defendant's July 5, 2019, Mortgage Statement provided:

NEGATIVE NOTICE - Franklin Credit Management Corporation may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 22.

23. Defendant's July 5, 2019, Mortgage Statement included a payment coupon with payment instructions.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 23.

24. Defendant's July 5, 2019, Mortgage Statement is a "communication" as defined by 15 U.S.C. § 1692a(2).

**ANSWER:** Defendant DENIES the allegations in Paragraph 24.

25. Defendant's July 5, 2019, Mortgage Statement conveyed information regarding Plaintiffs Loan directly to Plaintiff.

**ANSWER:** Defendant DENIES the allegations in Paragraph 25. Responding further, Defendant states that the Mortgage Statement provided information about Plaintiff's mortgage as required by 12 CFR 1026.41.

26. Defendant's post-discharge collection practice(s) have caused emotional distress as· Plaintiff believed he remained liable to Defendant in spite of Plaintiffs bankruptcy discharge.

**ANSWER:** Defendant DENIES the allegations in Paragraph 26.

## CLAIMS FOR RELIEF
### Count I:
### Defendant's Violation(s) of 15 U.S.C. § 1692 *et seq.*

27.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:**     Defendant repeats, realleges and incorporates by reference its answers to the Paragraphs of the Complaint as if fully set forth herein.

### Violation of 15 U.S.C. §§ 1692e(2), e(8), e(10)

28.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(2)     The false representation of –

(A)     the character, amount, or legal status of any debt.

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is. Disputed.

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:**     Defendant ADMITS only the strict language of 15 U.S.C. § 1692e and DENIES the remaining allegations in Paragraph 28.

29.     "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.,* 368 F.3d 726, 728 (7th Cir. 2004).

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30. Defendant's July 5, 2019 Mortgage Statement is objectively false and misleading in that it misrepresented the legal status of Plaintiffs Loan by, *inter alia,* falsely representing that money is due, although because of the discharge injunction, it is not; violating 15 U.S.C. §§ 1692e(2)(A), and e(10).

**ANSWER:** Defendant DENIES the allegations in Paragraph 30.

31. By threatening credit reporting of Plaintiffs ***discharged*** Loan, Defendant threatened to communicate credit information known to be false; violating 15 U.S.C. §1692e(8).

**ANSWER:** Defendant DENIES the allegations in Paragraph 31. *See* Federal Trade Commission, *40 Years of Experience with the Fair Credit Reporting Act, an FTC Report with Summary of Interpretations* (July 2011), pp. 55-56, 68 ("[Delinquent accounts], even if discharged in bankruptcy, may be reported separately for the applicable seven year period . . . . A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself).").

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(8) and e(l0) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    Any actual damage sustained by such person as a result of such failure: (2)

        (A)in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**ANSWER:** Defendant ADMITS only the strict language of the FDCPA and DENIES the remaining allegations in Paragraph 32.

## DEFENDANT'S JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     Plaintiff lacks Article III standing to sue as he has not suffered a particularized, concrete injury.

2.     An irreconcilable conflict exists between the provisions of the FDCPA and the provisions of Regulation Z pertaining to bankruptcy periodic statements which became effective April 19, 2018. Thus, Plaintiff's alleged FDCPA claims are precluded by the provisions of Regulation Z which govern the Mortgage Statement at issue.

Respectfully submitted,

**FRANKLIN CREDIT MANAGEMENT CORPORATION**

*/s/ Katherine M. Saldanha Olson*
Katherine M. Saldanha Olson
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (fax)
kolson@messerstrickler.com
***Attorney for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of September 2019, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/ Katherine M. Saldanha Olson*
Katherine M. Saldanha Olson
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (fax)
kolson@messerstrickler.com

***Attorney for Defendant***